IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE:**<br>**CHARLES D. MENSER, JR.** | **Chapter 7**<br><br>**Case No. 18-65681-JWC** |
| **Edwin K. Palmer as Chapter 7 Trustee for the Estate of Charles Menser, Jr.,**<br><br>    PLAINTIFF,<br><br>v.<br><br>**Phyllis J Menser, 1266 Moores Mill Road, LLC, P.J. Menser Family Partnership, L.L.L.P., et al.**<br><br>**DEFENDANTS.** | **Adversary Proceeding**<br><br>**Case No.: 20-06280-jwc** |

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

COME NOW Defendants Phyllis Menser ("P. Menser"), 1266 Moores Mill Road, LLC ("1266 MMR"), and P.J. Menser Family Partnership, L.L.L.P. ("PJ Partnership", collectively with "P. Menser" and "1266 MMR", the "Moving Defendants") and files this Motion to Dismiss Second Amended Complaint and in support thereof, states as follows:

**Summary**

Moving Defendants incorporate and restate, with minor revisions, the same or similar

arguments as Defendant George Connell with regard to Counts I, II, III, XXX, and XXXI. Specifically, Moving Defendants seek the Court to deny the Plaintiff's Second Amended Complaint in its entirety as a shotgun pleading and to dismiss Counts I, II, III, XXX, and XXXI as shotgun pleadings.

Moving Defendants also assert that Counts XVII and XIX, which are claims specific to Mrs. Menser, should also be dismissed as shotgun pleadings.

Moving Defendant also argue that Counts I, II, III, XXX, and XXXI are tantamount to impermissible reverse veil piercing arguments barred under Georgia law.

Moving Defendants are also requesting dismissal of Counts XVII and XIX under the reasoning held in this Court's opinion in *In re Webster*, 2021 WL 1234453, *6 (Bankr. N.D. Ga. March 31, 2021).

## Argument & Citation to Authority

### I.  Motion to Dismiss Standard

"In pleading, as in many aspects of life, quality matters more than quantity." *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464 (11th Cir. 2016). This Court should dismiss the Subject Claims against the Moving Defendants for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Rule 7012(b)(6) of the Fed. R. Bankr. 7012(b). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

With the pronouncement of the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the "'no set of facts'" pleading standard was finally "'retired.'" *Am. Dental*, 605

F.3d at 1288. The *Twombly* court observed that Fed. R. Civ. P. 8(a)(2) had been read in such a way that conclusory claims were sufficient so long as there was a chance that the plaintiff could introduce facts to support the claims. *Id*. at 1289. As a result, "a plaintiff with a largely groundless claim [could] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557 (internal quotations omitted).

The standard is now one of plausibility. A complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental*, 605 F.3d at 1289; *In re Blackman*, 2017 WL 6033418 *1, *4 (Bankr. N.D. Ga. Dec. 5, 2017) (applying Twombly in bankruptcy matter). A court need not accept all allegations as true if they are merely legal conclusions. *Am. Dental*, 605 F.3d at 1289. Importantly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not [shown]—that the pleader is entitled to relief." *Id.* (internal quotations omitted). Consequently, the Court should, first, eliminate mere legal conclusions from the complaint and, second, determine if the well-pleaded facts "plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted). The Court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*.

## II. The Complaint stands to be dismissed in its entirety as it is an impermissible shotgun pleading.

Although unquestionably long, the Second Amended Complaint still falls far short of the pleading standards set forth in the Federal Rules of Civil Procedure 8(a) and 9(b), which are made applicable to this action by Federal Rules of Bankruptcy Procedure 7008 and 7009. Fed. R. Civ.

3

P. 8(a); Fed. R. Civ. P. 9(b); Fed. R. Bankr. 7008; Fed. R. Bankr. 7009; Twombly, 550 U.S. at 555-56 (The factual allegations "must be enough to raise a right to relief above the speculative level . . . The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. . . ."); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The United States Supreme Court has explained that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 668. Further, to survive dismissal, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Legal conclusions set forth in a complaint are disregarded. *Id.* at 679-683.

A shotgun pleading, such as the Second Amended Complaint, should be dismissed. *See, e.g., Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 and n. 8 (11th Cir. 2018) (enumerating Eleventh Circuit case law "condemning shotgun pleadings and explaining their vices"); *see also In re HRN Grp., LLC*, 2020 WL 423294, *1, *2 (Bankr. N.D. Ga. Jan. 27, 2020) (applying Eleventh Circuit case law regarding shotgun pleadings in the bankruptcy context); *Blackman*, 2017 WL 6033418 at *4.

In *Jackson*, the amended complaint, which contained 28 pages (far less than the 141 pages here), 123 paragraphs (again, far less than the 398 paragraphs here), and 16 counts (less than the 31 counts at issue here), was "an incomprehensible shotgun pleading," because the factual allegations were incorporated into each claim by reference, "making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to

4

which claims for relief." 898 F.3d 1348 at 1356. Also, like the Second Amended Complaint, the complaint in *Jackson* failed to include "'key facts such as relevant dates and the particular nature of the violations that [Defendants] allegedly committed.'" *Id*. at 1354. In Jackson, a magistrate judge reviewed the counts and held that dismissal was appropriate. i The Eleventh Circuit affirmed but did not review all of the counts, instead, holding that the amended complaint should be dismissed as a shotgun pleading for "patently violat[ing] Federal Rule of Civil Procedure 8." *Id*. at 1356.

The Eleventh Circuit again addressed shotgun pleadings recently in *Toth v. Antonacci*, 2019 WL 4926961, *1 (11th Cir. Oct. 7, 2019), explaining:

> A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both. . . . [W]e have recently set forth some guardrails that cabin our ability to dismiss complaints on these grounds. Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by failing 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.' . . . . In addition, they typically run afoul of Rule 10(b)'s requirement that allegations should be set forth in numbered paragraphs and discrete claims should be separated by count. *Id*. at *2 (internal citations omitted).

The Eleventh Circuit affirmed the dismissal of an amended complaint that "combines two of our categories of shotgun pleadings: it is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; and it does not separate 'each cause of action or claim for relief' into a different count." *Id.; Blackman*, 2017 WL 6033418 at *5.

A defendant cannot be required to "'frame a responsive pleading'" to a shotgun pleading. *Id.*; *see also Jackson*, 898 F.3d at 1357 ("Absent the dismissal of the amended complaint, the Defendants, in framing their answer, would likely have responded in kind, with a multitude of affirmative defenses bunched together applying to each of the amended complaint's counts. Put colloquially: garbage in, garbage out."). To allow a shotgun pleading is a waste of judicial resources and an unfair burden on the responding party. *Jackson*, 898 F.3d at 1357. "Tolerating

5

such behavior constitutes toleration of obstruction of justice." *Id*. In *Jackson*, the Eleventh Circuit observed that: "This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Id.* The Bankruptcy Courts (much like the District Courts) are not required to engage in "[p]iecemeal adjudication" by reviewing each claim (or even the decipherable claims) of a shotgun pleading. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). That "does not promote judicial efficiency. And the toleration of complaints such as this one 'does great disservice to the administration of civil justice.'" *Id.*

In 2015, the Eleventh Circuit reviewed "more than sixty published decisions" regarding shotgun pleadings to identify four (4) broad categories of shotgun pleadings: (1) a complaint in which the counts incorporate all previous counts; (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate the causes of action, and (4) "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). As set forth herein, the Second Amended Complaint falls into the first (with respect to some of the counts), second, and fourth categories and stands to be dismissed, certainly, at least, with respect to the vague and conclusory allegations and claims against the Moving Defendants.

### III. Plaintiff's Claims Against Moving Defendants:

#### a. Counts I, II, III, XVII, XIX, XXX, and XXXI are Shotgun Pleadings.

Any claims against Moving Defendants arising out of Counts I, II, III, XVII, XIX, XXX,

and XXXI stand to be dismissed, because said counts lack any specificity or sufficient allegations of alleged wrongful conduct by Moving Defendants. These counts are quintessential shotgun pleading claims. The Second Amended Complaint makes no effort to define or describe the "Menser Entities" beyond stating that "[t]he Debtor has created and held direct or indirect ownership interests in and/or control of more than thirty-five different interrelated entities currently known to Plaintiff (collectively, the "Menser Entities", and individually a "Menser Entity")." Said allegations fail to apprise the Moving Defendants of the claims against them.

Count I incorporates all but eighteen (18) of the preceding 246 paragraphs of the Complaint, lumps all of the Defendants together, and is replete with conclusory allegations. The same is true of Counts II and III except that they also re-allege all of the paragraphs of Count I. Count XXX incorporates 386 preceding paragraphs, and Count XXXI incorporates 246 preceding paragraphs. Counts XVII incorporates paragraphs 1 through 328, and Count XIX incorporates paragraphs 1 through 339 on the Complaint. Moreover, Count XIX is duplicative of Counts XXX, XXXI, and XVII. In fact, each of these counts is duplicative of the other in that they are all requesting the Court to take all Mrs. Menser's hard-earned assets over her life and declare that they are really property of the Debtor and the bankruptcy estate with no legal basis other than a request under 11 U.S.C. 105.

As the Court indicated during the hearing, there are a number of bases for dismissing these claims, including, the lack of allegations regarding the alleged sham entities (the "Menser Entities") and the fact that simply stating various ownership interests at various points in time is not sufficient.

### b. Georgia law does not recognize reverse veil piercing.

Georgia law does not recognize a claim based on reverse veil piercing. *See, e.g., Acree v.*

7

*McMahan*, 276 Ga. 880, 585 S.E.2d 873 (2003); *Holiday Hosp. Franchising, Inc. v. Noons*, 324 Ga. App. 70, 70, 749 S.E.2d 380, 380 (2013); *TMX Finance, LLC v. Goldsmith*, 352 Ga. App. 190, 209, 833 S.E.2d 317 (2019). Reverse veil piercing is exactly what Counts I, II, III, XXX, and XXXI of the Second Amended Complaint seek to do, despite the Trustee's attempts to categorize them differently.

Plaintiff is seeking to reach corporate assets of 1266 MMR and PF Partnership to satisfy an insider's obligations. Count I is so broad that it includes the ill-defined "Menser Entity Defendants" that Moving Defendants are unsure whether this definition also includes Phyllis Menser. To the extent it does, Counts I, II, III, XXX, and XXXI should also be dismissed as to Mrs. Menser.

As this Court explained in the recent case of *In re Webster*, 2021 WL 1234453, *6 (Bankr. N.D. Ga. March 31, 2021), "[r]everse veil-piercing is a doctrine where a third party attempts to pierce the corporate veil to reach assets of the corporation to satisfy an individual insider's debts." In *Webster*, the trustee, like Plaintiff here, sought a declaration that the debtor and a limited liability company were "alter egos" and sought to collect against the limited liability company. *Id.* The Webster court examined *Acree* and its progeny, which it explained, "noted that allowing such claims could undermine the purpose of the corporate form and unsettle corporate creditors at the prospect of losing out to individual shareholders' creditors." *Id.* at *7. Ultimately, the court in *Webster* concluded that: "Georgia recognizes no [reverse veil-piercing] claim nor any exception to the bar against it." *Id*. at *8 (dismissing such claims with prejudice). Accordingly, Counts I, II, III, XXX, and XXXI stand to be DISMISSED.

    **c. Counts XVII and XIX fail to state a claim because the relief sought is unsupported under Georgia law.**

8

Counts XVII and XIX of the Second Amended Complaint seeks a declaratory judgment that ALL of Mrs. Menser's assets (defined as "Mrs. Menser's Nominal Assets") should be property of the estate because her title to these assets is a "façade." As the Court notes in *Webster*, "while federal law determines what constitutes property of the estate, state law determines the nature of a debtor's interest in property." *Id.* at *12. While the trustee has claimed he is not seeking an equitable interest in Mrs. Menser's Nominal Assets, that is exactly what he is requesting through a declaratory judgment providing that all her assets are really property of the bankruptcy estate. "The court in *Nicholson v. Wells Fargo Bank, N.A. (In re Nicholson)*, Nos. 16-40668-EJC, 16-04038-EJC, 2017 WL 991698, at *4 (Bankr. S.D. Ga. Mar. 10, 2017), held that until the need for equitable division arises (i.e. in divorce), the debtor has no property rights, legal or equitable, in the marital property titled solely in the non-debtor spouse's name." *Webster* at *14. Using this reasoning, this Court in *Webster* found that the Debtor would have an inchoate potential interest in the real property at issue rather than an existing right under Georgia law. *Id* at *14. As in *Webster*, Georgia law governs the nature of the Debtor's interest in Mrs. Menser's Nominal Assets, and there is simply no support under Georgia law for the relief requested in Counts XVII and XIX. Counts XVII and XIX are, as in *Webster*, fraudulent transfer claims repackaged as claims in equity to avoid any potential statute of limitations hurdles. *Id.* at *14. Plaintiff has laid out all its fraudulent transfer allegations (some of which are duplicative of each other) against Moving Defendants in Counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV (which appears to be completely duplicative of COUNT XIV), XVI, and XVIII. Below is a table created to show the various counts alleged by the Trustee and the transactions that coincide with those causes of action.

| Count | Claimed Amount and Party Affected |
|---|---|
| Count VII – Oakmont Transfers | $66,964.68 - Mrs. Menser |

9

| | |
|---|---|
| Count VIII – TC Transfers | $25,000.00 - Mrs. Menser<br><br>$75,000 – Mrs. Menser (through the Family Trust)<br><br>$25,000.00 – Mrs. Menser (through MFP) |
| Count IX – Residence Transfers | $162,400.64 (comprised of the 1266 Moores Mill Transfers, the Debtor's Residence Transfer, the Travel Concepts Residence Transfer, and the Residence Upkeep Transfers) – Mrs. Menser and 1266 MMR |
| Count X – Constructive Trust | Duplicative Constructive Trust Claim of Count IX |
| Count XI – Rabun Transfers | $38,934.23 – Mrs. Menser |
| Count XII – Prior Residence Transfers | $31,977.26 - Mrs. Menser |
| Count XIII – Townsend Transfer | $75,000.00 - Mrs. Menser |
| Counts XIV and XV – UBS Transfers | $243,930.32 – Mrs. Menser and PFMFP |
| Count XVI – Constructive Trust | Duplicative Constructive Trust Claim of Counts XIX and XV |
| Count XVIII – Cash Transfers | $25,500 – Mrs. Menser |
| Total | $769,707.13 |

The total amounts requested through Trustee's fraudulent conveyance claims are approximately $769,707.13. The Trustee's inclusion of Counts I, II, III, XVII, XIX, XXX, XXXI are essentially the same fraudulent conveyance claims listed in the table above repackaged as either equitable interest claims or reverse veil piecing claims in a transparent effort to reach more assets of the Moving Defendants. As a result, Counts I, II, III, XVII, XIX, XXX, and XXXI should be

10

dismissed.

Wherefore, Moving Defendants requests that the Court deny the relief sought in Plaintiff's Second Amended Complaint, grant the relief sought in the Motions, the tax all costs to Plaintiff, and to grant such other relief as the Court deems just and proper.

This 18th day of June, 2021.

/s/ Will Geer_____
Will Geer
Georgia Bar No. 940493
Attorney for Moving Defendants

50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: 404-233-9800
F: 404-287-2767
wgeer@wiggamgeer.com

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that he caused a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** to be filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

- **Jonathan A Akins**  jakins@swfllp.com
- **Steven Jacob Carroll**  jake.carroll@nelsonmullins.com, Tammy.Grant@nelsonmullins.com
- **John A. Christy**  jchristy@swfllp.com, amcrae@swfllp.com
- **Will B. Geer**  wgeer@wiggamgeer.com, willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;4233204420@filings.docketbird.com;bkparalegal@wiggamgeer.com
- **David S. Klein**  dklein@rlklawfirm.com, swenger@rlklawfirm.com;yalamin@rlklawfirm.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;1030641420@filings.docketbird.com;bwenger@rlklawfirm.com
- **Edwin K. Palmer**  ekpalmerlaw@aol.com, GA37@ecfcbis.com;heathermac3@comcast.net
- **Andrea L Pawlak**  a.pawlak@swtwlaw.com, m.mckenzie@swtwlaw.com
- **Beth E. Rogers**  brogers@berlawoffice.com, receptionist@berlawoffice.com;jcarroll@berlawoffice.com
- **Ida Sassani**  i.sassani@swtwlaw.com, m.mckenzie@swtwlaw.com

This 18th day of June, 2021

                                                  Respectfully submitted,

                                                /s/ Will B. Geer
                                                Will B. Geer
                                                Georgia Bar No. 940493
                                                Attorney for Defendants

50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: 404-233-9800
F: 404-287-2767
wgeer@wiggamgeer.com